REGAN, Judge.
The plaintiff, C H F Finance Company, Inc., filed suit against the defendants, Mr. and Mrs. Harold A. Shelton, endeavoring to recover the sum of $218.66, representing the balance due on a promissory note signed by them. No answer was filed, and judgment was rendered by default against the defendants as requested.
Subsequently, the defendants filed a petition in bankruptcy in the United States District Court in which they listed the plaintiff’s judgment. In the course of the bankruptcy proceeding, the defendants obtained a discharge of all his dischargeable debts in accordance with law.
Shortly thereafter, the plaintiff filed a petition to revive its original default judgment. In this petition, it asserted that the defendants’ discharge in bankruptcy did not discharge their obligation to the plaintiff because the debt sued upon was non-dischargeable since it was obtained with intent to deceive the plaintiff by means of a false financial statement. In conformity with the procedure required in the First City Court, the defendants simultaneously pleaded the exception of no cause of action predicated upon their discharge in bankruptcy and then answered the plaintiff’s petition denying any indebtedness to it. In the course of this proceeding, the plaintiff filed written interrogatories directed to the defendants; however, these interrogatories were never answered. In response to a rule by the plaintiff against the defendants, the lower court rendered a default judgment in accordance with the rationale emanating from article 1515 of the Code of Civil Procedure because of their failure to answer the interrogatories. No appeal was ever perfected from this judgment, which became final and binding upon the defendants.
Approximately seven months later, the plaintiff filed a supplemental petition for *708 garnishment. In response thereto, the defendants filed what they termed a “Motion to Vacate Garnishment” predicated upon the thesis that they had obtained a discharge in bankruptcy and that the obligation so discharged was not enforceable. In response to this motion, the plaintiff pleaded the exceptions of unauthorized use of summary proceedings, res judicata, and no cause of action. The lower court dismissed the defendants’ rule to vacate the garnishment, and they have appealed to this court devolutively.
At this point we pause to point out that since the defendants appealed devolutively, the garnishment of necessity continued in effect and it is now completely paid. For this reason, the litigants have agreed by virtue of a stipulation contained in the record that the garnishee should be dismissed as a party to this appeal and a consent judgment was rendered herein accordingly.
It is significant to bear in mind that the judgment which is now posed for our consideration on appeal is one dismissing the defendants’ motion to vacate the garnishment filed by the plaintiff. To reiterate, only for the purpose of emphasis, all of the litigants have agreed to dismiss the garnishee from this appeal for the reason that, the appeal being a devolutive one, the total amount due under the garnishment was paid to the plaintiff and the garnishee no longer possessed an interest in this appeal. Assuming arguendo that this court would reason in favor of the defendants and order that the plaintiff’s garnishment be vacated, such a judgment would not be enforceable by the lower court on remand, for the reason that there is no longer any pending garnishment. Consequently, it is quite clear that since the only question posed for our consideration is one which has been rendered moot by payment of the garnishment, it would therefore be futile for this court to render a decision in connection with this aspect of the case.
The defendants insist that the judgment upon which the plaintiff has recovered against the defendants is no longer viable since it was discharged in bankruptcy. The original judgment obtained by the plaintiff was not appealed and is final. The second judgment obtained by the plaintiff on its petition to revive the original judgment was not appealed, and it is likewise final. Therefore, since the question of vacating the garnishment is now moot, the only procedural remedy available to the defendant would be a direct action against the plaintiff to declare null the judgment upon which it recovered. 'However, we hasten to point out that we express no opinion as to the validity vel non of the merits of such an action should one occur.
For the foregoing reasons, the judgment of the lower court from which the defendants have appealed is affirmed. The defendants are to pay all cost incurred herein.
Affirmed.